IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No.  JRR-23-0317 |
| | * | |
| **DAVONTE WRIGHT,** | * | |
| | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * * *

### GOVERNMENT MEMORANDUM IN AID OF SENTENCING

The Government submits this sentencing memorandum in advance of Defendant Davonte Wright's sentencing hearing, scheduled for Monday, June 30, 2025, at 10:00 a.m. For the reasons that follow, and consistent with the sentence recommended and agreed-upon in the parties Rule 11(c)(1)(C) plea agreement entered on April 9, 2025, this Court should impose a total sentence of 48 months' imprisonment for the Defendant's Count Four conviction.

**I.    BACKGROUND**

    **A.    Defendant's Conduct**

From in or about November 2022, and continuing until August 22, 2023, in the District of Maryland, the Defendant, Davonte Wright, conspired with several other individuals to possess with the intent to distribute cocaine and cocaine base.  Throughout the period of the conspiracy, the Defendant operated a stash location at his home on Penhurst Avenue in Baltimore, Maryland. The Defendant and his co-conspirators stored bulk quantities of cocaine and cocaine base at the Penhurst Avenue stash location; prepared the cocaine and cocaine base for retail sale; and, at certain times, sold the cocaine and cocaine base to retail and wholesale customers.

During the period of the conspiracy, law enforcement officers monitoring a court authorized wiretap intercepted numerous calls in which the Defendant, his co-conspirators, and

1

others arranged and discussed drug purchases, future drug sales, and the quality of the cocaine and cocaine base they were selling and attempting to sell (among other topics). On several occasions, investigators also observed the organization's source of supply traveling to Wright's home on Penhurst Avenue prior to planned drug transactions.

Based on the drug trafficking activity described above, investigators executed a search and arrest warrant on the Penhurst Avenue stash location. The Defendant was found at the location at the time of the search warrant's execution. Upon searching the residence, investigators found the following firearms and ammunition: (1) a Smith & Wesson, model SW40VE .40 semi-automatic pistol with serial number RBA4448; (2) a Smith & Wesson, model SD40VE, semi-automatic pistol with serial number FWT9999; (3) a Leinad Inc., model Cobray PM12, .380 caliber, semi-automatic pistol with an obliterated serial number; (4) an Anderson Manufacturing, model AM-15, 5.56mm semi-automatic rifle with serial number 20168583; (5) a Leinad Inc., model Cobray CM-11, 9mm, semi-automatic rifle, with serial number 94-0024341; (6) 14 rounds of .40 caliber ammunition; and (7) 30 rounds of .223 caliber ammunition. Investigators also searched the Defendant's work vehicle, which was parked outside of the Penhurst stash location. Inside of the vehicle, investigators found a Smith & Wesson, model M&P 45 Shield, .45 caliber, semi-automatic pistol, loaded with 7 rounds of .45 caliber ammunition.

### B.     Indictment and Guilty Plea

On December 19, 2023, the Defendant was charged in two counts of a five-count Superseding Indictment with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count One), and possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Four). ECF No. 27 (Superseding Indictment). On April 9, 2025, the Defendant pled guilty to Count Four of

the Superseding Indictment. ECF No. 138 (Arraignment). On April 9, 2025, this Court issued an Order scheduling a sentencing hearing for June 30, 2025, at 10:00 a.m. ECF No. 141.

## II.   STATUTORY PENALTIES AND ADVISORY GUIDELINES CALCULATION

### A.   The PSR properly calculates an applicable guidelines range of 63 to 78 months in prison.

The statutory maximum penalty for Count Four is 15 years' imprisonment followed by a maximum of three years of supervised release. 18 U.S.C. §§ 922(g)(1), 3583(b)(2). A Pre-Sentence Investigation Report ("PSR") was completed by the U.S. Probation and Pretrial Services Office on June 12, 2025. ECF No. 148. The PSR correctly calculates a base offense level of 22 for the Defendant's Count Four conviction pursuant to U.S.S.G. § 2K2.1(a)(3) because the offense involved a semiautomatic firearm capable of accepting a large-capacity magazine and the defendant committed the instant offense subsequent to sustaining at least one felony conviction of either a crime of violence or a controlled substance offense. PSR at ¶ 17. Following a two-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because the defendant possessed between three and seven firearms, a four-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(4)(B) because one of the firearms had an obliterated serial number, and a three-level downward adjustment pursuant to U.S.S.G. § 3E1.1 for the Defendant's prompt acceptance of responsibility, the final offense level is 25. PSR at ¶¶ 18-27. The PSR further calculates a criminal history category of II based on two criminal history points. PSR at ¶ 30-31. The Defendant's applicable advisory guidelines range for sentencing is 63 to 78 months.[1]

---

[1] The base offense level of 22 reflected in the PSR is higher than the base offense level of 20 reflected in the parties' plea agreement. The Government submits that the base offense level of 22 reflected in the PSR is correctly calculated pursuant to Section 2K2.1(a)(3) of the Sentencing Guidelines, resulting in a higher applicable guidelines range of 63 to 78 months.

3

**III.    LEGAL STANDARD**

In *United States v. Booker*, the Supreme Court held that the Guidelines are advisory and not mandatory, and the Court made clear that district courts are still "require[d] […] to consider Guidelines ranges" in determining sentences, but also may tailor the sentence in light of other statutory concerns. *United States v. Booker*, 543 U.S. 220, 245 (2005); *see* 18 U.S.C. § 3553(a). In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court explained the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id*. at 49 (citation omitted).

Next, a sentencing court should "consider all of the §3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [the sentencing court] may not presume that the Guidelines range is reasonable.  [The sentencing court] must make an individualized assessment based on the facts presented." *Id*. at 49-50 (citation and footnote omitted).  The Court ultimately must impose a sentence that is "sufficient, but not greater than necessary" to "reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

**IV.    ARGUMENT**

The parties agree that a sentence of 48 months' imprisonment is the appropriate sentence in this case. A 48-month sentence adequately reflects the seriousness of the offense, the need to

4

protect the public, and the history and characteristics of the Defendant. The Defendant is convicted of illegally possessing multiple firearms and ammunition in his home. His home was also used as a stash location wherein he and his co-conspirators stored and prepared bulk quantities of cocaine and cocaine base for distribution. The possession of multiple firearms and significant quantities of ammunition by a previously convicted felon, coupled with the presence of distribution quantities of cocaine and crack, is without a doubt a very serious offense. Such criminal activity carries with it a high potential for drug-related violence.

As to the Defendant's criminal history, the Defendant has one prior 2015 conviction for possession with intent to distribute a controlled dangerous substance, theft less than $1000, and machine gun aggressive and offensive purpose. PSR ¶ 30. Although this is the Defendant's sole prior conviction, it reflects similar illegal activity to the instant offense in that it involves both drug distribution and the presence of a dangerous firearm. Notably, the Defendant only served 2 months in prison followed by an 18-month period of supervised release for that prior offense. As a result, the 48-month sentence requested by the parties will be the most significant sentence he has ever faced. Accordingly, the government submits that a 48-month sentence, although below the applicable guidelines range calculated in the PSR, will nevertheless deter the Defendant from engaging in similar patterns of criminal activity upon release from incarceration.

V.    **CONCLUSION**

Therefore, a 48-month sentence is the appropriate disposition in this case. Such a sentence is sufficient but not greater than necessary under the applicable factors set forth under 18 U.S.C. § 3553(a), including the seriousness of the offense, the need to protect the public, the history and characteristics of the Defendant, and the need to avoid unwarranted sentencing disparities and promote respect for the law. Accordingly, the Government respectfully requests that this Court

impose a total sentence of 48 months' imprisonment followed by 3 years of supervised release for the Defendant's conviction at Count Four.

                                        Respectfully submitted,

                                        Kelly O. Hayes
                                        United States Attorney

By:           /s/                   
                                        Jonathan S. Tsuei
                                        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 24, 2025, a copy of the foregoing Sentencing Memorandum was delivered via ECF to Tyler L. Mann, counsel for the Defendant.


By:  _____/s/_____
 Jonathan S. Tsuei
 Assistant United States Attorney